**Lawrence EVANS, Petitioner—
Appellant,**

v.

**E.K. MCDANIEL, Respondent—
Appellee.**

No. 02–16615.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Sept. 2, 2003.

776

Paul Turner, Federal Public Defenders Office, Las Vegas, NV, for Petitioner–Appellant.

Brandee Ramos Mooneyhan, State Attorney General Office of Nevada, Carson City, NV, for Respondent–Appellee.

Before: WALLACE, O'SCANNLAIN, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM **

Larry Evans was convicted after a jury trial in Nevada state court on charges of first degree kidnapping, sexual assault of a minor, and possession of a stolen vehicle. He timely appeals from the district court's decision to deny a second amended petition for habeas corpus, seeking relief from the state court conviction.[1] Evans raised a number of alleged constitutional violations with respect to his conviction below, each of which were considered and rejected by the district court, and he renews the same arguments on appeal.

After careful consideration of the issues presented on appeal, both in the briefs and in oral argument, and having conducted a de novo review of Judge Hogan's order denying the habeas petition, we agree with the analysis and conclusions reached by the district court in its order entered June 5, 2002.

█ We supplement the opinion of the district court by expressly rejecting Ev-

ans's argument that a standard of materiality different from the one employed by the district court should be used to assess the prosecutor's alleged failure to disclose evidence favorable to the defendant, a failure which would result in a violation of the Fourteenth Amendment's Due Process Clause. *Brady v. Maryland,* 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evans contends that "the prosecutor knew or should have known" that the testimony given by D'Aprile, purportedly a key prosecution witness, "was false," and thus the "prosecutor's knowing use of perjured testimony or, equivalently, the prosecutor's knowing failure to disclose that testimony used to convict the defendant was false" should have resulted in "a materiality standard under which the fact that testimony is perjured is considered material unless failure to disclose it would be harmless beyond a reasonable doubt." *United States v. Bagley,* 473 U.S. 667, 678–80, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). However, this definition of materiality remains unavailable to Evans, as there never has been a finding of perjury nor a showing that the prosecution knew or should have known D'Aprile fabricated her testimony. Counsel acknowledged as much at argument. The district court applied the correct standard.

█ Furthermore, even assuming the prosecution had known D'Aprile's testimony amounted to perjury (and was, in fact, false), failure to disclose it would have been "harmless beyond a reasonable

* The Honorable Ralph R. Beistline, United States District Court Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We review the district court's decision de novo. *See Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). We may not grant Evans relief unless we conclude that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

doubt." First, most of the information withheld by the government was known to the defense prior to trial. Moreover, that D'Aprile may have been untruthful about what transpired prior to the offense does not mean she lied about Evans's actual criminal conduct; indeed, testimony corroborating her account was introduced at trial. *See Belmontes v. Woodford,* 335 F.3d 1024, 1045 (9th Cir.2003) ("[W]e do not believe that Bolanos' false testimony regarding the absence of prior arrests could have affected the judgment of the jury. As we explained, his testimony regarding the events surrounding the murder was in most respects corroborated by independent witnesses."). Viewing the evidence cumulatively, there is no "reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The judgment is hereby AFFIRMED.